UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JAMES D. GREEN,

          Plaintiff,

          v.                                                Case No. 24-cv-0033-bhl

TRICIA EIKLAND,
CO LANGE, and
JOHN DOE,

          Defendants.

---

## SCREENING ORDER

---

Plaintiff James Green, who is currently serving a state prison sentence at Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Green's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Green has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Green has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $19.38. Green's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

According to Green, he has mental health conditions and a history of suicide attempts. He asserts that, on October 16, 2023, he began to experience suicidal thoughts and created a plan to kill himself. He states that he recalled psychological services instructing him to call staff when he started feeling this way, so he loudly yelled that he was suicidal over and over. He states that other inmates also started yelling because they knew he had recently tried to kill himself. Green asserts that Defendant Tricia Eikland came on the range to pick up trash. He states that he told her he knew she could hear him, and he informed her he had a razor and was going to cut himself. Eikland allegedly responded that she heard him and he should stop yelling. He states that she then left. Dkt. No. 1 at 2.

Shortly thereafter, a John Doe officer came onto the range to transport another inmate. Green states that he yelled that he was suicidal and was going to cut himself with a razor. Green asserts that the Doe officer looked at him and the razor and kept walking past him. Green allegedly continued to yell at the officer, but he just looked at Green and walked away. Dkt. No. 1 at 2-3.

Not long after, Defendant CO Lange arrived on the range with a nurse (who is not a Defendant) to do rounds. Green asserts that he and others were yelling that Green had a razor and was going to cut himself. Lange allegedly said, yeah, yeah, and walked away even after Green showed him the razor. Green asserts that he then slit his wrist, laid on the floor, and stuck his arm through the bottom trapdoor. Green states that he laid there bleeding and eventually lost consciousness. He states that he was carried off the range and received seven to eight stitches to close the wound. Dkt. No. 1 at 3-4.

3

# THE COURT'S ANALYSIS

Prison officials violate the Eighth Amendment if they are aware of an objectively serious risk of harm to an inmate and knowingly or recklessly disregard it. *See Farmer v. Brennan*, 511 U.S. 825, 846 (1994). Their duty extends to protecting inmates from imminent threats of serious self-harm, and the "obligation to intervene covers self-destructive behaviors up to and including suicide." *Miranda v. Cty. of Lake*, 900 F.3d 335, 349 (7th Cir. 2018). Green states Eighth Amendment claims against Eikland, Lange, and the Doe officer based on allegations that they dismissed and/or ignored his statements that he intended to harm himself and had the means to do so. Because Green does not know the name of the Doe officer, he will have to use discovery to learn the officer's name after Eikland and Lange file a responsive pleading and after the Court enters a scheduling order setting discovery and dispositive motion deadlines.

**IT IS THEREFORE ORDERED** that Green's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Green's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Tricia Eikland and CO Lange.

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Tricia Eikland and CO Lange shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Green is located.

**IT IS FURTHER ORDERED** that the agency having custody of Green shall collect from his institution trust account the $330.62 balance of the filing fee by collecting monthly payments from Green's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Green is transferred to another institution, the transferring institution shall forward a copy of this Order along with Green's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Green is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on January 29, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge